## South Shore Development Co. v. Whipple-Allen Construction Co.

*William J. Kelly,* for Whipple-Allen Construction Co.

*Robert C. Ward,* for Medusa Cement.

*Gary J. Shapira,* for Bernard Block & Brick.

*David C. Scott,* for Hanley Brick.

*Kenneth R. Stiles,* for U.S. Steel.

NYGAARD, *J.,* October 9, 1985—On October 26, 1981, plaintiff South Shore Development Company filed an action against respondent herein and others claiming defects in the construction of a multi-unit, luxury apartment building in Erie, Pa. Plaintiff con-

tended, inter alia, water intrusion in the building caused potentially by a "lack of bond" between the mortar and the bricks and discoloration of some of the bricks.

On April 12, 1982, Whipple-Allen Construction Company filed a complaint against additional defendants, joining petitioners herein and Crowner/King Architects in the original suit.

On May 6, 1982, additional defendant Crowner/King Architects filed an answer, new matter and complaint against petitioners herein as additional defendants. These issues were consolidated with case no. 5815-A-1981 and the matter commenced to trial before this court, nonjury, on April 16, 1984. The issues of liability and damages had been separated for trial. Thereafter on October 9, 1984, after many days of testimony on the issue of liability, the court, upon multiple motions, and unopposed by the joining parties, entered a voluntary nonsuit as to a number of defendants, including petitioners herein.[1]

Petitioners have now filed motions for an award of attorney's fees pursuant to 42 Pa.C.S.§2503 and §8351. On April 17 and 18, 1985, this court conducted hearings on those motions which were denied on August 20, 1985. Petitioners have taken exceptions to this court's order. This opinion is now filed pursuant to the requirements of the Rule of Appellate Procedure 1925.

---

1. The motion was initially made by attorney Robert Ward, who requested that the court permit a "discontinuance" of their claim against an additional defendant in case no. 5815-A-81. The Rules of Civil Procedure provide that a voluntary nonsuit shall be the exclusive method of voluntary termination of an action during the trial. However, whatever you call it, this court let all of these petitioners out at that time of the trial.

This case represents, to this court, a graphic and almost classic example of the shortcomings of the civil trial as a means of dispute resolution. For the attorney's fees of the participants herein exceeded by a substantial margin the total award of this court![2] However, respondent herein, Whipple-Allen Construction Company, did on at least three different occasions attempt to pull all of defendants together to arrive at an appropriate settlement figure to offer plaintiff. Suffice it to say, that all its efforts to settle failed. So here we are! Furthermore, several of those petitioning herein, refused to make any contribution toward settlements of the case. For example, Henley Brick, which was asked on at least two occasions to contribute towards a settlement, offered nothing and racked up attorney's fees in excess of $60,000. United States Steel, which also offered nothing, accounted for additional attorney's fees in excess of $40,000. To permit the award of attorney's fees in a circumstance such as this would be a gross injustice, and a travesty unintended by the law. Attorneys who may later wish to seek attorney's fees, have a duty to mitigate. They cannot refuse to negotiate settlement based upon principle and then hope to recover fees based upon greed. As Professor Roger Fisher points out in "Must Reading" (A.B.A. Journal, June, 1985, p. 128):[3] "A big case is to a law firm as a good milking cow is to a dairy farmer: a reliable source of steady income." In this case the cow is dead and cannot now be resuscitated by Title 42.

---

2. In addition to those participating in the hearing regarding attorney's fees, there were four other parties.

3. Fisher is a Williston Professor of Law at Harvard, director of the Harvard Negotiation Project and co-author of "Getting to Yes: Negotiating Agreement Without Giving In" (Houghton-Mifflin, 1981).

Petitioners seek relief under 42 Pa.C.S. §2503 (7), (8) and (9), which provide as follows:

"The following participants shall be entitled to reasonable counsel fee as part of the taxable costs of the matter. . .

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter. . . .

"(9) Any participant who is awarded counsel fees because of the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious, or in bad faith. . . .

"(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted."

The court defines "arbitrary" as without consideration of the consequences or the goals of the litigation and based randomly rather than upon reason.

The court defines "vexatious" as actions having, as their primary purpose, creation of or causing the other party annoyance, embarrassment, or harm.

The court defines "bad faith" as the commencement or continuation of an action when the commencing party knows or has reason to know that he has no chance for success, or when he has in his possession evidence which exculpates the other from liability.

The parties seeking counsel fees have the burden of proving their loss by the preponderance of the evidence, that the conduct of the opposing party was dilatory, obdurate, vexatious or in bad faith (Bad faith has also been defined as "fraud, dishonesty or corruption") in commencing, or during the pendency of this suit. Bowers v. Valley Mutual Insurance Company, 28 D.&C.3d 327 (1983) (A person acts with bad faith — with respect to this

section — when *it* continues an action which *it* knows, or has reason to know, has no chance of success, or when *it* has in *its* possession evidence which exculpates the petitioners from liability.

The statute places a heavy burden on petitioner, which it has not met.

The court finds none of the above in this action. Petitioners fail to show anything other than that respondent joined each of them as parties who were or who might have become liable by virtue of plaintiff's claim against respondent herein. Furthermore, when plaintiff exhausted its evidence with respect to the issues effecting petitioners, and could not either give reason for nor point a finger of liability at any specific party for these defects, respondent no longer opposed a nonsuit of the action against additional defendants.

Petitioners herein point out all of the evidence that came to the attention of respondent as tending to prove that neither respondent nor petitioners herein were responsible for the defects in the building. However, respondent is not required to completely pre-try and completely prejudge, not only his own case in advance, but also that of plaintiff, and, then speculate on possible results! He must as a zealous advocate cover all basis which are founded upon reason and fact. More so than defendants, additional defendants seeking attorney's fees are in a precarious position with their claim. Because no zealous counsel for a defendant will release any which potentially share liability from the case until plaintiff has shown his entire hand, and the possibility or probabilities are then known. Nor can the court, upon such petition as we have here, assess the prospects of probability. If there is a possibility that additional defendants may have some liability,

respondent is entitled to keep additional defendants in the case.

We find that respondent herein took actions which were reasonably calculated to advance the interests of his client and additionally were based upon evidence which counsel reasonably believed would be admissible to advance the inquiry before this court.

Petitioners claim additionally that 42 Pa.C.S. §2503 (10) authorize an award of counsel fees as costs for the adversely affected participant when it is based upon other statutes. Further, petitioners claim that another such statute is 42 Pa.C.S. §8531-8554, entitled "Wrongful Use of Civil Proceedings." However, that statute, contemplates a separately definable tort. Action pursuant to that statute must be commenced pursuant to Pa.R.C.P. 1007.